The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez! Oyez! Oyez! All persons having any manner or form of business before the Honorable, the United States Court of Appeals for the Fourth Circuit are admonished to draw nigh and give their attention, for the Court is now sitting. God save the United States and this Honorable Court. Thank you. Have a seat. Thank you. All right. We're here first, 23-1068. I understand we moved order around a little bit, but we're here from First Counsel, which is Mr. Skocpol. Yes. Thank you, Your Honor. Good morning, Your Honors. Michael Skocpol of the Legal Defense Fund on behalf of MVENTS, the Montgomery County NAACP, CASA, Inc., Asian American Youth Leadership Empowerment and Development, and the Montgomery County Progressive Asian American Network. These community organizations representing the interests of black, Latino, and underserved Asian American families in Montgomery County have the necessary direct stake in the outcome to support intervention for at least three reasons. First, this case jeopardizes their constituents' access to the middle school magnet programs. Second, it poses an existential threat to their goal of continuing to advocate opportunity-expanding reforms. And third, they also played an unusually extensive role in the district court proceedings where they were the sole proponents of an independent ground for dismissal and thus have a strong interest in defending the judgment on appeal. Those undisputed interests support their intervention both as-of-right and, in the alternative, permissively. Our clients are entitled to intervention as-of-right because the school district's incentives and track record show it cannot be relied upon to protect their interests. Counsel, you say intervention as-of-right, but you agree that the federal rules here, as-of-right and permissive, don't apply for appellate intervention. Your Honor, formally, that's correct. Rule 24 in the district court doesn't apply in the courts of appeals. But the point of that is that all intervention on appeal is permissive. It is within our discretion. I don't think that's correct, Your Honor, because the courts of appeals still look to the principles of Rule 24 to guide the analysis. To guide our discretion. But it's to guide our discretion. There's no command. The Supreme Court has told us all intervention on appeal is permissive. Rule 24 provides the standard, or provides the standard, structures the standard. There's always some element of discretion in how the standard applies to the facts. That's why this court reviews a district court's determination for abuse of discretion. But there is intervention both as-of-right and permissively available in the courts of appeals. One way we know that is because the Berger case and the Cameron case cite to one another interchangeably. And Berger is a case about intervention as-of-right. Go back to your point. You say the school district did not challenge a particular issue that you all are interested in. Do we know that on appeal they won't defend that issue? Well, Your Honor, I think at this point in the litigation, the school district has an established track record of not defending the disparate impact ground. And that's directly related to how its interests diverge from our clients. How do you know that? How do we know that? They have a bad record. Well, there was a whole series of briefings in the district court where they had the opportunity to defend that ground and didn't. But you don't have to take our words for it. I think you can look at what the district court said in its opinion denying the, excuse me, granting the motion to dismiss the amended complaint, which is district court ECF 101-1 at page 13. They said that the school district had conceded that issue. And then the school district continued to concede that issue in subsequent briefing of plaintiff's unsuccessful Rule 60B motion. Can I bracket that? Look, I guess cards on the table. I think by far your best argument is that you made a unique argument in the district court that they didn't make. So now I want to take away your best argument for a moment. And I guess this focuses on your first two arguments. So let's assume that that is not true. Let's assume that they had made a disparate impact argument below. Let's assume, I'm sure, that you think they could have made it better or they should, but that they made it. They made it. And my concern then is if that weren't true, why don't your first two arguments suggest that your organization and similar organizations can basically intervene literally anytime they want? Because you will always feel more strongly than the individual government defendants defending a policy. You will always have clients who are personally affected by it in a way that the individual government entity is not. So my concern is, again, I think your third argument might get you there. But my concern about your first two arguments are I don't understand why your first two arguments don't mean that the NAACP can intervene literally anytime they want to. Let me give a general answer to your question and then a more specific one about this litigation. The general answer is that any potential intervener does need to satisfy the entire standard. And particularly including the elements that are completely undisputed here but wouldn't be in another case. So the strong direct interest that our clients have, their timeliness and diligence. You will always be able to do that. You will always be able to point to individual people who are beneficiaries of the government policy being challenged and say, so that's not persuasive to me because you'll always be able to do that. Well, with respect to this case, Your Honor, I think it's difficult to disentangle the interests and I think it's important. I think what addresses Your Honor's concern is the intersection of the two. So this isn't just a case where we have different incentives and it's not just a case where the school district happened not to make an argument. Those two things are linked. It's important context here that the school district has long maintained policies that included barriers to equal opportunity that led them to under identify black and Latino children for these selective programs. Black and Latino students are a majority of the district as a whole. Let me rephrase this question. I know you think they're linked. Let's just posit, not for the sake of argument, unless you convince me otherwise, I guess I'll say, let's just posit that I think that if it were not for the change in position, you would not be allowed to intervene. Does that mean that I can't? Is three a freestanding basis for allowing you permission to intervene? Yes, Your Honor, particularly on appeal, because that is a specific interest that we have an intervention in this appeal, defending a judgment that our clients played a significant role in helping to obtain in the district court. So I thought your answer to my colleague's question would be slightly different, right? Because I thought what you would say is the question that we have to ask on appeal is whether the adequacy of representation by the county, it may be inadequate. It's a predictive judgment, right? We're looking forward with that judgment. And so there has to be some reason to believe that it may be inadequate. Really good evidence of that is that they were inadequate below. That's right. But that's just evidence of the predictive judgment we might have. There might be other evidence that didn't involve the failure to raise at least arguably meritorious ground below. But you have to have some evidence to support the predictive judgment that the representation may be inadequate. You happen to be relying on their inadequacy below, but you could rely on something else. Perhaps the county made public statements that suggested that they disagreed with the policy. You've got an agency, an actor, enforcer agency problem, right? But all of those are just evidence that asks the fundamental question, which is a predictive one, of may, as the Supreme Court has said, may the representation be inadequate. I think that's correct, Your Honor. Let me try to restate it because I think that's exactly right. What we have here and the strength of our case for intervention is we have both divergent incentives with the school district and a track record of those incentives mattering in the litigation thus far. And it's correct that we can't know exactly how this appeal will play out. And therefore, that track record is one of the strongest things we have to go on. To be confident that these kinds of conflicts, whether on this particular issue or another, will keep arising. And I do think it's important to show how the incentives and the track record sync up. Because the arguments are what you expect given their divergent incentives. They have an incentive to forego arguments that cast the status quo in a negative light and shield their decision-making from challenge. And here, a proper disparate impact analysis shows that if anyone experiences a disparate impact in the Magnet Middle Schools or other programs, it is black and Latino students. So the proper analysis therefore exposes the school district's policies to criticism and challenge. But contrast plaintiff's theory would undermine our client's ability to keep advocating for change. And with respect to Judge Hyten's question, these are not just any organizations who have an abstract policy interest in this issue. They have decades of local advocacy in Montgomery County representing the interests of black and Latino students. So when our interests are not aligned here, when our clients next sit across the table from the school district, they want to be able to continue pressing, not just maintaining these reforms, which the school district claims the discretion to roll back at any time, but pressing for additional reforms. Can I ask you just a procedural question? Do you agree that if we granted you leave to intervene on appeal, that would not necessarily make your clients parties if this case were remanded to the district court, because intervention before this court is not the same as intervention before the district court? Your Honor, I'm not sure there's a clear answer to that, but we are— Sure, you could always—I'm not saying you could always ask the district court to let you intervene. But that allowing intervention on appeal would not ipso facto make you parties if the case went back to the district court. I don't know—I'm not sure there's a clear answer in this court's case law on what exactly the formal effect of an order granting intervention here would be, because we're in a very unusual posture here and it doesn't arise very often. But I don't think it matters too much. We hope there never will be any further proceedings in the district court. But then let me ask you, the reason I ask that is, what is actually at stake about whether you're allowed to intervene on appeal other than what the color of your brief is and whether you are allowed argument time as a matter of right on the merits appeal? Two very important things, Your Honor. So one, as I said, we don't know how the merits briefing is going to play out. And as I think Judge Richardson's opinion in the West Virginia minors case highlights, well, there's a very wide range of opinion on the potential effect of a forfeiture by an FLE. And so— The parties seem to—I mean, these briefs are very helpful. The parties seem completely, largely simpatico about what the impact of that would be. Also not clear—I mean, I don't know how we're supposed to ignore the fact that the county has now asserted they are going to argue this. That would completely move the point of forfeiture. But bracketing that aside, the party—everybody who's filed a brief in this case seems to agree the fact that you put an argument in an amicus brief that defends a ground the district court ruled on would not prevent us from reaching it. That the party—no one seems to disagree with that proposition. Key phrase there is not prevent us from reaching it. We would have to excuse the forfeiture. I think it's—yeah, it wouldn't prevent you from reaching it or prevent this court from reaching it. But again, we don't know how the merits are going to unfold or what a future decision— The county has literally now told us they intend to brief it. I'm supposed to just pretend that's not true? Well, I—so the county's—the school district's— The school district's. Representation in their second response to our motion are equivocal in one important respect, and that gets me to my second point about the protections that we need here. So as I understand their brief, they are at best willing to defend the disparate impact ground only up to the point that the, quote, law of the circuit compels it. They're silent on whether they would continue to do so in any proceedings for further review. And here there is a non-speculative risk of such proceedings. Plaintiff's counsel has filed a cert petition that is pending in the related Thomas Jefferson case, and so I think one can infer there's a good chance that they may do so here. And in the event of an unfavorable decision on the merits, the ability to seek or defend against further review proceedings is one of the most important protections that party status confers on appeal. Well, but you would also—I mean, this is several steps down the road. You would also—regardless of whether you get party status on appeal, you would also need to have standing to appeal, and I'm politely skeptical that the Supreme Court would hold that you have standing to appeal. Well, Your Honor, I think we're very similarly situated in certain respects to the plaintiffs here, and the district court held that the plaintiffs had Article III standing, although we haven't had occasion to brief that issue. Can I ask a separate—rather than focus on the question that we don't have. Right. So what impact does the board's briefing on the Rule 60 have on the representation that they've made that they're going to raise it? I mean, they defended the disparate impact ruling in the Rule 60 briefing below in sort of a procedural way, right? They didn't embrace it, but they sort of—they didn't ignore it in the Rule 60 briefing. Fair? Well, I think the important thing Your Honor said is that they only defended it in a procedural way, and they continue to not embrace the merits of the issue. Right, and what impact does that have on the representation that they are willing to address the disparate impact briefing in this court? Does it raise concerns to you as to the manner in which they're going to embrace that briefing? I think the main significance that it has is it belies this idea that the only reason they didn't brief the issue in the district court was because the district court told them not to. That doesn't explain why they conceded the issue in response to the first original complaint or why they continue to not embrace the merits in the Rule 60B briefing. But I do want to say that there have been some questions about the adequacy of representation issue, and I do want to be clear that permissive intervention provides an independent ground here that doesn't depend on that issue, and I think it's even more straightforward. As representatives of students who benefit from the challenged policies, our clients provide a unique and important perspective— Can I ask one more question before your time's up, so I understand that point? You keep going back to the Rule 24 standards of permissive and mandatory intervention, and I would have thought you would have sort of talked about the principles without the rules. Do you think the presumptions that we've applied to Rule 24 in the district court, like Stewart, for example, that those presumptions apply because the Rule 24 standards govern here? Your Honor, I don't mean to be drawing to be— I do mean to be citing to the principles and not the rules themselves, and I do think the principles are similar. Now, there may be reason—I see that my time is up. You can answer. So yes, although I think certainly we don't think anything like the sweeping categorical version of the Stewart presumption that plaintiffs have advanced is the correct interpretation, but you would apply all the same case law. Thank you, Counsel. And if I have the order right, Mr. Zielinski? Yes, Your Honor. Happy to hear from you. May it please the Court, Nathaniel Zielinski on behalf of Montgomery County Public Schools and Dr. McKnight. MCPS deeply appreciates the perspectives that the proposed interveners have to offer, but we would request that you deny the motion for two reasons. First, Stewart is the law of the circuit, and this case is on all fours with Stewart. Under Stewart— No. You might have an argument, but when you overstate your argument, it gets you in trouble, right? So it is plainly not on all fours, and tell me why it is not plainly on all fours. Well, Your Honor, that gets, I think, to the second point. Well, answer that question first before you get to the second point. Why is it not plainly on all fours? So, Your Honor, I understand that my friends who are seeking to intervene think that we did not vigorously at the 60B stage— No. Guess again. So why is Stewart not on all fours with this case? Your Honor, I think it survives Berger. I mean, there are a variety of answers I could give. So the intervention issue at Stewart was before the United States blank court for the blank—that was a district court case. Yes, Your Honor. And after Cameron, we know that the district court intervention and appellate court intervention are different questions. Yes, Your Honor. I think that where my friend who is seeking to intervene and I agree is that we would look to the same presumptions and principles to guide this court's discretion. Well, why is that? Because I think the Supreme Court in Cameron said to look to the principles underlying district court intervention, including— So that part's true, right? But you inserted the word presumptions when you said it earlier. So I think that the question about adequacy of interests, Judge Richardson, those questions which the court will look to in the district court and that I think this court would look to as well, are going to be very similar about whether a governmental entity will have the same strong reasons to represent the public's interest in a particular piece of litigation. And I think this may get to the question that Judge Floyd had and Judge Heightens had, which is are we going to vigorously defend the district court judgment? And putting the Stewart presumption aside, I want to be very clear for the panel if I can today. We are vigorously going to defend the district court judgment on all grounds, including the disparate impact ground. And I also disagree with my friends seeking to intervene that we did not defend this at the 60B stage. And I think they actually agreed with me. So if you look at document 108-1, page 9, this is the document that the amici filed in the district court. They said that, quote, as defendant's brief persuasively explains, plaintiff's motion boils down to little more than an attempt to improperly relitigate settled legal determinations that remain correct and well supported. And so at that stage, there was broad agreement that our briefing at the 60B stage was strong. We raised Judge Heightens' concurrence for the district court as soon as we could when we had a reply in support of a motion to dismiss. We explained to the district court that we thought we were bound by the district court's orders on the scope of briefing. And so we didn't further brief the issue because as a party, we were trying to comply with the district court's order. Now, it's true that my friends who are seeking to intervene today, when they were acting as amici, not parties, potentially felt more freedom to brief the issue to the district court at that moment in time. But as soon as Judge Heightens wrote his concurrence. Does your argument depend on that move? I understand your argument is that you claim you felt like you couldn't raise this issue. If I disagreed with you on that, you know, and thought maybe this is a little revisionist history on the board's part. Does that matter for you? I'm just you keep you keep bringing that up. And I understand that that's your argument. But if you hypothesize for a minute that I think that's revisionist history and not what's really was going on. Does that matter? I don't think it does, Judge Richardson, for two reasons. The first is we're going to vigorously defend the disparate impact holding and to directly address the point. We're charged. You agree. We're charged with making a predictive judgment about whether your representation may be inadequate. Right. It's predictive. Right. And, you know, as a general matter, I'd say past performance is the best predictor of future success. Right. Like like past performance. I mean, not trying to suggest that you're not being honest with me as you stand here, that you're going to vigorously defend. But I think you said correctly that you vigorously defended below to just on different grounds in a different way. Right. I mean, that's that's what the rub is that that I've got is that if if I disagree with your premise, that you felt hamstrung in the district court and instead believe that you made a choice to not raise an issue that that admittedly creates some some public relations concerns on behalf of the board, that that may be that like causes some consternation about whether you're going to really do that when you show up on appeal. Right. That's my if that's my predictive judgment. It's a little hard for me to see. So, Judge Richardson, I have three responses to that, and I apologize to have so many. No, no, I won't. I want all of them. The first is that amici status gives my friends seeking to intervene everything they would need because we're going to raise the argument. So there's no forfeiture concern. They're able to submit a brief. As Judge Heightens suggested, the only difference is going to be the color code of the brief. And I can commit today that we are going. The county is represented by a Supreme Court and appellate practice. We will, if this matter, if there's a petition filed from the Supreme Court, we are going to represent the county's interest there as well. We are going to defend both holdings. So I want to be very clear on that today, that amici status will allow them to put those arguments forward. And we are going to continue to defend the argument as much as we can fully in this court. I think the other point that I would make is that I think this is exactly why the Stewart presumption is necessary in an intervention context on appeal. We argued vigorously below and, in fact, won on the merits in front of the district court. I think it's very difficult for an appellate court, which is not the district court, in fact, doesn't have the district court's briefing order in front of it because that was done in a context of a telephonic conference, to now start matching up the sub, sub, sub arguments between parties and determining whether we were vigorously enough advocating a particular sub position in the district court. I think that's a very awkward place for the court of appeals to be. And it's difficult to do that in every single case because I think if you invite... But you admit we're called to do it, right? We have to make the predictive judgment. They're hard. I totally get it. But it's hard either way, right? We have to either say that our prediction is, you know, under tributes, that there's no showing that your representation is going to be inadequate or there is this minimal showing that your representation will be inadequate. But we got to make that call, right? So the fact that it's hard doesn't do me anything, I don't think. So I think that's where Stewart comes in, Judd Richardson. I think Stewart gets the court of appeals in cases involving the government, which is... At least it gets the district court. Whether it gets the court of appeals seems to me to be a wholly different question. Well, I think that if this court, in its discretion, were to apply the same presumptions that it's told the district courts to apply, what I think it does is get the district court, the court of appeals, out of the business of having every single time the government is a party to decide how the matter was litigated in the district court. It's an incredibly factually intensive inquiry, and it has costs, I think, to this court. One cost is just delay. We've been waiting for a briefing schedule, and that's been held up by the intervention dispute. That will occur in every single case in which the government's a party and you invite intervention. Can I just make a case about the implications of your position here? To agree with you, do I have to think that it was wrong to allow the students to intervene in Grutter? And if not, why not? I think that I don't remember if Grutter was a permissive intervention case or mandatory. But as I recall, the students' argument in Grutter was one of the ways, I mean, there's been some equal protection law made since then, but one of the arguments the students wanted to make in Grutter is the University of Michigan's policy is justified by the fact that the University of Michigan has a past history of discriminating against the very students this policy is designed to protect. And as a descriptive matter, the University of Michigan has never defended their policy on the grounds that they themselves were previous discriminators. And it seems unlikely that the University of Michigan is ever going to argue that this policy is justified by the fact that they themselves were previous discriminators. So Judge Titans, I think what I'd say is out of this case, I don't think that you have to say that the Grutter court was wrong. Because as this case comes to this court, there are really two issues. There's the disparate impact holding below and the discriminatory intent holding below. We're going to vigorously defend both. And I think it's very far afield to then say, well, if this matter were to go back down to the district court, there were to be discovery, there were to be further proceedings, that we would not then raise what is a strict scrutiny argument in favor of the policy. Well, it's justified by remitting past discrimination. But I think that it's, I guess my answer is that it's outside, really outside the heartland of this appeal. And so that's a perfect situation or a perfect example for why amici status is going to provide interveners everything they seek. Amici all the time provide this court context and arguments that are outside of the core scope of an appeal. I see that my time has expired. We respectfully request that you deny the motion. Thank you. Thank you, counsel. Mr. Kaiser, did I say that correctly? Good morning, Your Honors. Chris Kieser for Appellant Association for Education Fairness. The proposed intervener's motion to intervene on appeal should be denied for two reasons. First, the motion seeks to make an end run around the established procedure for intervention in the district court. These same entities, as they've been discussed, sought to intervene below. And the motion was denied in favor of amicus participation. Wait, wait, wait. That's, again, just don't overstate your argument. You have arguments, right? But just don't state them when they're not true. It wasn't denied for amici status, right? It was denied because it was moot. The court held it without making a decision until the district court then mooted the motion. That's not denying. Because if they had denied it, if the district court had actually taken action on the thing instead of pocket vetoing it, then they could have appealed. But they couldn't appeal because they waited until it was moot. So it didn't deny it in favor of amici participation. That's correct, Your Honor. However, the district court did say that the crux of the dispute was about the propriety of intervention if the case proceeds to discovery. So one of the reasons the district court denied the motion as moot is that the district court didn't or when one of the reasons the district court deferred judgment until the day that the motion to dismiss was granted was that the district court viewed this case as or the case for intervention as a case for when if and when there was discovery. Okay. So let me pick up on Judge Richter at this point. I agree with you. So I'll start with a high level of generality. I'm very sympathetic to the notion that a person shouldn't be able to use an intervention to appeal on an appeal motion as a way to circumvent the deferential standard of review of a district court's decision. I'm totally humble with that principle. But that entire principle presupposes you should have sought review of the district court's decision, and you're trying to circumvent that. So answer the following question, because I think this is critical to your timing argument. How and when should the board have sought review of the district court's decision denying intervention for the district court? Because if the answer is there wasn't any way for them to do it, I'm not sure this end-run argument works. Your Honor, the proposed interveners could have – I mean, under the law of the circuit, a denial of intervention from the intervener's point of view is a final judgment. It's appealable under 1291. Everybody agrees that once the district court granted the motion to dismiss, it was moved. They can't appeal that because that's just true. Your Honor, there were then 60B proceedings after, and then there was an appeal that we filed. Okay, to give them a little grace there, am I right as a factual matter that you filed your notice of appeal on literally the last possible day to file your notice of appeal? I believe that that's true. So they were supposed to realize that you filed a notice of appeal on the last possible day and then instantly notice their own appeal. That's your argument? Well, I believe, Your Honor, that they would have 30 days after the motion to intervene was denied to appeal. And it's true that that motion – But it was moved. I guess we're going off the axis, but to what? Appeal the denial of motion that's moved on the grounds that it's actually moved? But if it weren't moved, you should have reached a different result? Well, I think, Your Honor, the question of whether the appeal of the motion to intervene was moved depended on the further proceedings in the case. So if the case proceeded to this court, which it has, where now we're still waiting for a briefing schedule, then the motion to intervene in the district court was not moved. An appeal of the motion to intervene – Do you agree that the question of intervention in the district court is a different question, after Cameron, than intervention in the court of appeals? I think it is a different question. But, I mean, I think – so I think this court in spring construction said that a motion to intervene on an appeal should only be granted in exceptional circumstances. So that's dicta and it's – All right. Fine. But that doesn't address the question, right? So that's dicta in the footnote. Like, you can rely on it as much as you care to, right? But Cameron tells us that these are just separate questions, right? And it seems like to me you're trying to tell us to ignore Cameron's direction that they're separate questions and to shove them together. No, Your Honor. I mean, I think what Cameron says is that they are separate questions, but that the Rule 24 sort of policies or underlying reasons for the Rule 24 presumption, including the Stewart presumption that this court applies in the district court intervention, those are relevant in the intervention on appeal context. It's certainly not a straight application of Rule 24, which is exactly why I would argue that appellate intervention should not be used to make an end run around the typical procedure of appealing the denial of a motion to intervene and then – All right. I'm going to give you one more chance. What do you think they should have done? So tell me when you think they should have appealed the denial of their motion to intervene and on what grounds. I mean, Your Honor, they had 30 days to appeal once the motion to intervene was denied. So they're going to appeal in order – and they're supposed to say the district court erred by denying intervention on the ground the case was moot. I'm going to ask you to sort of write the opening sentence of their appellate brief. They say, the district court was wrong to grant our motion to – a district court that had entered judgment for the defendants erred in dismissing the motion to intervene as moot because – what do they write after because? I think that whether the case is moot, whether the intervention case is moot depends on what happens after – There's no such thing as an intervention case. I mean, I understand what you're – but whether they're – whether it was moot depends on what happens in the case after the district court – Well, it's moot now. It might become not moot if the case is revived, but as long as the case is dead, it's moot. I mean, it's true that it's – because it hasn't gone back to the district court yet, and if it did, then they would then, I guess, be able to renew their motion to intervene at that point. But the fact remains that the abuse of discretion standard, if that's not applicable here, as the Fifth and Tenth Circuits have pointed out, there's – to allow intervention on appeal in such a circumstance would allow sidestepping that abuse of discretion review. I think you said you had two arguments. What's the second? The second argument is that assuming that the policies of Rule 24 apply, that Stewart's presumption should resolve this case, because in Stewart, when the court – this court held that when a movement seeks to intervene alongside a government defendant defending a government enactment, the presumption of adequacy – So you agree Stewart does not apply on all fours here because we're on appeal, right? I think that's true. I think because – And so help me understand why – tell me why you think we should import the Stewart presumption into our discretionary decision-making. Well, I think because it – Your Honor, because it makes sense in the – But why does it make sense? That's the conclusion, but what's the – In a sense of the district court – the reason that this court tells district courts to do that applies just as well – the Stewart presumption, whatever merit it might have in the district court, and import it here. Because the basis of Stewart is that the government who is vigorously and adequately defending its own enactment is in the best position to represent everyone's interests to defend that enactment, and that intervener – But we know that's like – I mean, we know after Berger, the Supreme Court makes clear to us in Berger that that's not true, right? That the government – that a given agent within the government doesn't always do that, right? I mean, that's sort of the import of Berger. And I'm not saying that Berger overrules Stewart. Don't overread what I'm saying, right? I don't think Berger has anything to do with Stewart as a holding. But Berger tells us, like, the government doesn't do that, right? That certain agents within the government don't adequately defend. And so we've got to ask the question, is this agent doing that? Yes, Your Honor. I think that's true. I mean, in Berger, there were multiple – there was a state law that allowed multiple agents to represent North Carolina in court, and that's one of the reasons the court reached that result. And I think here we do have a government defendant who has adequately defended and won in the district court. And as to the argument – Totally fair, but that's just asking the question of are they adequate? I agree. We have to ask that question. What I can't understand is your argument for why we import some presumption about that. We just ask, is the government entity – or really, prospectively, may they be an inadequate representative? And the presumption applies for the same reason it applies in the district court, because unless the presumption – Because government good? Is that – I mean, what's the – Can I flip the question around? On what basis would we say we apply that presumption in the district court that doesn't also suggest we apply it in the appellate court? What would be the basis for saying the presumption that exists in the district court, the reasons, whatever it is, don't apply on appeal? I don't think there would be any reason to say that. Because if the policies underlying Rule 24 apply, as the Supreme Court said in Cameron, then I don't see why the policy of presuming adequate representation that this Court has applied to Stewart wouldn't apply on intervention on appeal. Thank you, Your Honors. Thank you. Mr. Skocpol, we're back with you. All right. Just two quick points from that last argument. Picking up where we left off, I think although Berger explicitly reserved judgment on this question, I do think it is instructive here. And in particular, Justice Gorsuch's opinion in that case expresses some skepticism about artificial presumptions in this area and does say you have to look to the particular facts and circumstances of the case. One point with respect to whether we should have appealed, I think Your Honors understand pretty clearly that there was never any point where we could have or should have appealed and that we agreed that the intervention motion was moot. I just want to address... And there's nothing about ruling in favor of you here that would require us to say that, look, if we have reason to believe that someone is trying to pervade the deferential review that would apply, that would weigh heavily in our calculus to allow you to appeal, intervene on appeal. There's no reason that ruling for you requires us to not say that. Correct. I think one of the reasons intervention on appeal is rare is because in most cases, either someone's going to have a hard time showing diligence or lack of prejudice when they're moving for the first time after final judgment or there will already be a denial on the merits. And that's the other point I wanted to stress. In addition to all the reasons Your Honor raised, there was nothing, no determination on the merits for this court to defer. By the merits, you mean merits of intervention. The merits of our intervention motion, yes. And so the counsel suggested that the district court looked unfavorably on our participation or thought that this was just about discovery. I don't think that's consistent with what the district court said. And you can look at the district court's order. In fact, the district court invited us to participate on equal footing with the parties and found our participation very helpful. That, as Judge Heightens highlighted, is similar to other cases where the affected students and their families who benefit from a policy change in an admissions context like this have been allowed to intervene. Judge Heightens cited the Grutter case. We also cite in our briefs, I think, the most factually analogous cases that anyone cites are the specialized high school case from the Southern District of New York and the University of Texas Austin case. Now, those cases either—I think it's a little bit unclear in those cases whether the presumption doesn't apply or is being overcome, but I don't think anything turns on that, and that's one of the lessons we can take from Berger. So can I ask you a second thing we closed off? Okay, so let's just posit that I think the following. There is no basis to say that Berger abrogates Stewart when it applies to the district court, that a panel of this court could not say that the Stewart presumption has now been abrogated in the district court under our standards for when circuit precedent has been abrogated. I agree, formally speaking, it doesn't apply. Stewart doesn't apply in appeal. We've never said that, but I guess the question would be, if I have to posit that the Stewart presumption exists in district court and I have to write an opinion that explains why there's a presumption of government adequacy in district court and why that presumption does not apply in appeal, what explanation do I give? Like, what is the reason you have a presumption in district court and not a presumption on appeal? I don't think that's our position, Your Honor. No, but I'm saying— Make it your position. Make it your position. What would your argument be? What would you say? Well, I think— It seems challenging to me to explain why you'd have a presumption in the district court. If anything, I could understand an argument that you have a presumption on appeal, but not one in the district court, but it becomes very hard for me to explain why you have a presumption in district court and not on appeal. Well, I think, Your Honor, so Berger says artificial presumptions aren't the most helpful way to go here, and I think it may be the inverse of the principle that I said earlier. Timeliness may be harder to show when you're intervening on appeal, but here you're more likely to have a track record to go on, and you can look to the particular circumstances of the case to tell you whether the interests are being adequately represented, and here they are not. Another way of saying that is—I thought what you were really going to say is, yes, Berger doesn't overrule Stewart, and so under our very restrictive—some might say more or less restrictive— but under our restrictive rules on our prior panel precedent, we couldn't say that Berger overruled Stewart, but if we are asking a new question that is not governed by Stewart, then we look at the ideas that are set forward in Berger, and they counsel very heavily against applying the Stewart presumption, even if it doesn't directly overrule it. I think that's right. You look to Berger and, in particular, Berger's reaffirmance of the Turbovich case, which is a case where you had a private intervener and a government party and no presumption was applied. I think you also harmonize it with this Court's other cases, and I would particularly point to the Sierra Club case that we cite in our briefs. I think that's another case where the intervener, the private party—and I see my time is up. You can keep going. Thank you. We're on the same—seeking the same result of upholding the regulations but had different interests in terms of—different real-world interests in terms of the effects. And I think if I can leave you with anything, it's actions speak louder than words. That's, in a nutshell, my response to the school district's counsel. I think you heard a lot about what they intend to do in the future, but we don't know how the appeal will unfold, and we need the protections of party status in order to defend the judgment we helped obtain in the district court. Thank you very much, counsel. Everybody's views were immensely helpful. We will come down and greet counsel and then proceed on to our second case. I'll come down.
judges: Julius N. Richardson, Toby J. Heytens, Henry F. Floyd